## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONDA WASHBURN, DANIELLE WEBBER, and JODIE PIERCE, *on behalf of themselves and all others similarly situated,*<br><br>　　Plaintiffs,<br><br>v.<br><br>CPS Solutions, LLC,<br><br>　　Defendant. | Case No.: 2:25-cv-00400-ALM-EPD<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth P. Deavers |

### DEFENDANT CPS SOLUTIONS, LLC'S MOTION TO STAY DISCOVERY

Defendant CPS Solutions LLC ("CPS"), pursuant to Federal Rule of Civil Procedure 26, respectfully moves for entry of an Order staying discovery pending the Court's decision on CPS's forthcoming Motion to Dismiss Plaintiffs' Amended Class Action Complaint ("Am. Compl.") (the "Motion to Dismiss").  The reasons for this Motion are set forth in more detail in the attached Memorandum in Support.

Respectfully submitted,

/s/ Joel E. Sechler
Joel E. Sechler (0076320)
Carpenter Lipps LLP
280 North High Street, Suite 1300
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
sechler@carpenterlipps.com

*Trial Attorney for Defendant
CPS Solutions, LLC*

Of Counsel

Katheryn M. Lloyd (0075610)
Amber L. Merl (0080655)
Carpenter Lipps LLP
280 North High Street, Suite 1300
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
lloyd@carpenterlips.com
merl@carpenterlipps.com

Jennifer S. Windom
(*admitted pro hac vice*)
Allison Holt Ryan
(*admitted pro hac vice*)
Hogan Lovells US LLP
555 13th Street NW
Washington, D.C. 20004
Telephone: (202) 637-6437
Facsimile: (202) 637-5910
jennifer.windom@hoganlovells.com
allison.holt-ryan@hoganlovells.com

*Attorneys for
Defendant CPS Solutions, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONDA WASHBURN, DANIELLE WEBBER, and JODIE PIERCE, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>CPS Solutions, LLC,<br><br>Defendant. | Case No.: 2:25-cv-00400-ALM-EPD<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth P. Deavers |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT CPS SOLUTIONS, LLC'S MOTION TO STAY DISCOVERY**

This action arises from a phishing incident targeting CPS. CPS is a technology company that provides pharmacy operational technologies and solutions. Am. Compl. (ECF No. 18) ¶ 2. Plaintiffs are individuals who allege that they received healthcare services from CPS's healthcare-provider customers. *Id*. ¶ 29. Plaintiffs allege that in order to receive these services, they were required to provide their personal information to healthcare providers, who then provided it to CPS. *Id*. ¶ 29. On approximately December 4, 2024, an unknown actor accessed limited personal information stored by CPS by compromising a CPS employee email account. *Id.* ¶ 39. Plaintiffs now assert negligence, negligence per se, breach of fiduciary duty, breach of third-party beneficiary contract, and unjust enrichment claims on behalf of three named Plaintiffs and a putative nationwide class, alleging that CPS maintained inadequate data security measures.

On March 9, 2026, CPS will move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the basis that Plaintiffs lack Article III standing and have otherwise failed to state any viable claim. While not every motion to dismiss warrants a discovery stay, CPS's Motion to Dismiss raises threshold, case-dispositive issues that should be

resolved before the parties undertake needlessly broad and burdensome discovery. A brief pause will streamline the litigation and conserve judicial and party resources—without causing any prejudice to Plaintiffs.

For these reasons, CPS respectfully requests that this Court stay discovery pending resolution of CPS's Motion to Dismiss.

## ARGUMENT

Rule 26(c) authorizes the Court, for good cause, to enter protective orders—including orders "specifying terms, including time and place, for discovery" and temporarily staying discovery to prevent undue burden or expense. Fed. R. Civ. P. 26(c)(1)(D). The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), *cert denied,* 529 U.S. 1020 (2000). And "[w]hen a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010). The Court must "consider[] each case on its own merit, . . . including the nature of the issues in dispute." *Wasserman v. Weir*, No. 2:24-cv-3935, 2025 WL 227157, at *3 (S.D. Ohio Jan. 17, 2025). Discovery limitations are particularly appropriate "where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal quotation marks omitted); *Ohio Power Co. v. Frontier N. Inc.*, No. 2:14-cv-341, 2014 WL 12586318, at *2 (S.D. Ohio Oct. 30, 2014) (same); *Wasserman*, 2025 WL 227157, at *3 (same).

In deciding whether to grant a discovery stay, courts consider: "(1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged;

(3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced." *Kirkbride v. Kroger Co.*, No. 2:21-cv-22, 2021 WL 2650043, at *3 (S.D. Ohio June 28, 2021) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted)).  Here, each of these considerations strongly favors a discovery stay.

### A.    The Early Posture of This Case Favors a Brief, Targeted Stay

The preliminary stage of litigation here strongly urges the application of a stay.  The case is still in its earliest stage:  no scheduling order has been entered, discovery has not yet begun, and a stay would not undermine any proceedings to date.   The Motion to Dismiss will be fully briefed by April 13, 2026, so any stay will be brief.  Courts in this District regularly grant stays under these circumstances when a case is still in the initial stages and doing so will preserve both judicial and party resources.  *See, e.g., Waldron v. Brown*, No. 2:22-cv-3556, 2023 WL 4182150, at *3 (S.D. Ohio June 26, 2023) (granting stay where case was "relatively early in the litigation process" and "a case schedule [wa]s not yet set"); *Kirkbride*, 2021 WL 2650043, at *4 (granting stay where "case remains in the very early litigation stage and a stay likely will reduce the burden on the Court"); *Kiser v. Kamdar*, No. 12-cv-574, 2016 U.S. Dist. LEXIS 176629 at *7 (S.D. Ohio Dec. 21, 2016) (granting stay where "from a procedural standpoint, this case remains in its infancy"); *Meros v. Dimon*, No. 2:18-cv-00510, 2018 U.S. Dist. LEXIS 162569, at *4 (S.D. Ohio Sept. 24, 2018) (same).  This factor strongly supports a stay of discovery.

### B.    Plaintiffs Will Not Be Unduly Prejudiced or Tactically Disadvantaged by a Brief Discovery Pause

A short stay pending resolution of the Motion to Dismiss will not unduly prejudice Plaintiffs or give CPS any tactical advantage.  The Motion raises dispositive legal defects in Plaintiffs' Amended Complaint—threshold issues that require no discovery to resolve—so a brief

5

pause while the Court resolves those questions will not disadvantage Plaintiffs. In *Serenity Point Recovery, Inc. v. Blue Cross Blue Shield of Michigan*, for example, the court observed that "[s]ubstantial prejudice would not result to Plaintiffs from the stay of discovery because Plaintiffs do not claim the need to gather facts to defend against the pending motion that is already before the Court and fully briefed." No. 1-19-cv-620, 2021 WL 5710724, at *1 (W.D. Mich. Apr. 8, 2021). Similarly, the court in *Waldron v. Brown* granted a stay where the plaintiff did "not suggest that he lacks the information necessary to properly respond to the motions to dismiss" or that a stay would cause "any change in the status quo." 2023 WL 4182150, at *3; *see also Marshall v. Mausser*, No. 1:13-cv-847, 2014 WL 4774377, at *3 (S.D. Ohio Sept. 24, 2014) (granting stay where "[t]here is no indication that discovery is necessary to address the legal issues raised by the motion to dismiss, which are potentially dispositive of the lawsuit").

Nor does the mere "passage of time" amount to undue prejudice—especially where, as here, the case is in its earliest stages and any stay will be brief. *Turner v. Monarch Inv. & Mgmt. Grp, LLC*, No. 2:20-cv-3997, 2021 WL 534623, at *3 (S.D. Ohio Feb. 12, 2021) (granting stay in class action). Plaintiffs filed the Amended Complaint just over a month ago; no case schedule has been issued; no other motions are pending; and the motion to dismiss will be fully briefed by April 13, 2026. Courts have found no prejudice in similar circumstances. *See, e.g., Brown v. Danson Inc.,* No. 1:11-cv-820, 2012 WL 3600100, at *2 (S.D. Ohio Aug. 21, 2012) (no prejudice where motion to dismiss would soon be ripe and court anticipated prompt ruling); *Parker v. Lee*, No. 23-cv-11684, 2025 WL 2803822, at *2 (E.D. Mich. Oct. 1, 2025) (stay "would not prejudice Plaintiff" where no discovery requests had been served and pause would avoid "superfluous discovery efforts").

Any potential prejudice is further mitigated because any stay can be lifted and discovery "expeditiously provided if the Court denies the Motion to Dismiss." *Osborn v. Griffin*, No. 11-89, 2011 WL 13156649, at *2 (E.D. Ky. Dec. 9, 2011); *see Stribling v. Washington*, No. 20-12990, 2022 WL 20306417, at *2 (E.D. Mich. June 23, 2022) (finding "no obvious prejudice" in staying discovery, where, if motion to dismiss was denied, the Court would issue scheduling order and plaintiff would have months to conduct discovery). In the meantime, CPS has agreed to work with Plaintiffs to negotiate an ESI Protocol and Protective Order so that, if discovery ultimately becomes necessary, it can proceed without delay.

In sum, a brief discovery pause will not unduly prejudice Plaintiffs and will simply allow the Court to first address the threshold, dispositive legal issues raised in CPS's Motion to Dismiss before undertaking the unnecessary burden and expenses of full discovery.

### C. A Stay Will Simplify—or Eliminate—the Issues, Narrowing Any Subsequent Discovery

A temporary stay of discovery will undoubtedly simplify the issues in the case. CPS's Motion to Dismiss raises threshold challenges to subject matter jurisdiction based on Plaintiffs' failure to allege a concrete Article III injury traceable to CPS. Each of Plaintiffs' claims also fail as a matter of law and should be dismissed under Rule 12(b)(6), as Plaintiffs do not adequately allege: (i) the existence of any duty to support a negligence claim, or actual damages, proximately caused, by a purported breach of any such duty; (ii) the violation of any federal statute that would support a negligence per se claim; (iii) the existence of a fiduciary relationship under relevant law or a breach of any such duty; (iv) facts supporting either the existence or breach of any third-party beneficiary contract; or (v) that CPS knowingly and unjustly benefitted from receipt of Plaintiffs' personal information.

Where, as here, a court's ruling has the potential to dispose of the entire litigation, a temporary stay will streamline the issues. *See Harris v. Aramark Incorporation*, No. 2:17-cv-872, 2020 WL 91834, at *5 (S.D. Ohio Jan. 8, 2020) (motion to dismiss is not merely "garden variety" under Rule 12(b)(6), where it raises a threshold jurisdictional question and contends that plaintiffs failed to state a claim); *Williams v. Nationstar Mort. LLC*, No. 2:24-cv-4259, 2025 WL 1295769 at *2 (S.D. Ohio May 5, 2025) (granting stay where plaintiff made a large number and variety of claims and defendants argued that plaintiffs' claims failed as a matter of law).

Even short of outright dismissal, the Court's ruling on CPS's Motion to Dismiss will substantially narrow and focus the scope of any discovery. For example, if the Court agrees that the named Plaintiffs lack standing on any of their asserted theories—*e.g.*, diminished value of PII, emotional distress, future-risk monitoring costs, lost benefit of the bargain—those theories cannot define the class, thereby narrowing the scope of subsequent class discovery. Likewise, trimming any subset of the common-law claims would remove entire swaths of discovery. For instance, if the common law negligence or unjust enrichment claims for certain Plaintiffs fail to allege injury, causation, or breach, discovery would no longer be warranted as to the alleged impact of the data breach on those Plaintiffs. Dismissal of the third-party beneficiary claim would foreclose, for example, discovery into CPS's contracts with its healthcare provider customers. Dismissal of any of Plaintiffs' claims would sharply reduce the volume, complexity, and cost of discovery. Accordingly, it is exceedingly "pragmatic" to resolve these threshold issues in the first instance before proceeding to discovery. *Wasserman*, 2025 WL 227157, at *3 (issuing stay even where complete dismissal was uncertain to preserve judicial and counsel resources).

### D. A Stay Advances Judicial Economy and Efficiency

Most critically, a stay here would squarely serve the interests of judicial economy and efficiency. Federal courts consistently recognize that the interests of judicial economy and

efficiency are best served when discovery is paused pending resolution of a motion to dismiss that may dispose of the entire case. After all, "[i]t would make little sense for the Court to adjudicate discovery disputes without first deciding whether it has the power to bind Defendant." *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-cv-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014); *see also Ohio Power Co.*, 2014 WL 12586318, at *2 (granting stay where motion to dismiss would divest jurisdiction and dispose of case); *Novel v. Lowe,* No. 2:13-cv-703, 2014 WL 559088, * 2 (S.D. Ohio Feb. 11, 2014) (staying discovery to address question of subject-matter jurisdiction).

A stay ensures that neither this Court nor the parties waste resources litigating discovery disputes that would be mooted by a dismissal. As courts have recognized, "postponing potentially unnecessary discovery dispute resolution serves . . . judicial economy." *Neal v. First Liberty Ins. Corp.,* No. 1:15-cv-00134, 2017 WL 6940732, at *2 (W.D. Ky. Apr. 3, 2017); *Harris*, 2020 WL 91834, at *5 ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal citations omitted); *SandP Sols., Inc. v. The Silver Logic, LLC,* No. 21-cv-80949, 2021 WL 9347080, at *2 (S.D. Fla. Nov. 1, 2021) (granting stay in cybersecurity action to "avoid a massive waste of judicial and private resources") (citation omitted). These concerns are particularly salient in putative data breach class actions like this one, which "by virtue of their broad reach, have the potential to be highly burdensome." *J&G Invs., LLC v. Fineline Properties, Inc*., No. 5:06-cv-2461, 2007 WL 928642, at *5 (N.D. Ohio March 27, 2007) ("It makes sense to stay discovery in a class action pending resolution of motions to dismiss which might resolve the entire case."). A stay here thus has the potential to enhance economy and efficiency.

Conversely, compelling the parties to expend significant time and resources engaging in broad merits discovery at this stage would be unduly and unnecessarily burdensome. This concern is particularly acute where, as here, "discovery will be costly and time consuming." *Ohio Power Co.*, 2014 WL 12586318, at *3. Although Plaintiffs have not yet served CPS with discovery, the sweeping requests for production issued by Plaintiffs' counsel in *Crowe v. Managed Care of N. Am., et al.*, No. 23-cv-61065 (S.D. Fla. June 5, 2023), a similar data breach case, are instructive. *See* Ex. A (Plaintiffs' First Set of Requests for Production to Defendant MCNA). In just the first set of Requests for Production, Plaintiffs' counsel issued 65 wide-ranging and burdensome demands for documents, including, among many others: "[a]ll documents regarding the sources or means of the Data Breach," "[a]ll documents and communications regarding the Data Breach between [Defendant] and any third party," and "[a]ll documents collected in connection with any investigation of the Data Breach." Ex. A at 9, 10. Such expansive requests do not concern discrete, easily accessible documents, but rather require intensive and costly custodial collections and privilege reviews. The unnecessary burden of conducting similar discovery in this case—which stands to be dismissed in its entirety—further underscores the need for a stay. *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, No. C-3-06-366, 2007 WL 756697, at *8 (S.D. Ohio Mar. 8, 2007) (granting stay in light of "reasonable argument that [parties] may be unnecessarily burdened if discovery is permitted prior to the resolution of their motion to dismiss.").

The balance of burdens confirms this point. Courts "'weigh[] the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank Co. v. MetaBank,* No. 2:19-cv-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quoting *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010). Here, the

calculus clearly favors CPS. Starting discovery now would significantly prejudice CPS by subjecting it to costly and burdensome discovery that may soon be moot, and potentially unnecessarily burden the Court by requiring it to expend resources to resolve discovery disputes. A short stay of discovery is therefore appropriate to efficiently manage the Court and parties' resources, outweighing the costs (if any) of a temporary delay. *Cf. Waldron,* 2023 WL 4182150, at *3 ("[T]he Court cannot perceive how Plaintiff will be unduly prejudiced or tactically disadvantaged by a short extension of the stay designed to simplify the discovery process"); *Mausser*, 2014 WL 4774377, at *3 ("burden on defendants of responding to plaintiffs' discovery requests at this juncture would outweigh any hardship to plaintiffs caused by a short delay in proceeding with discovery"); *DeBrew v. Stringer*, No. 2:12-cv-170, 2013 WL 4761145, at *2 (S.D. Ohio Sept. 3, 2013) (granting stay where "the limited benefit, if any" of proceeding with discovery was "significantly outweighed by the burden and expense to defendants and the Court").

At bottom, the lack of any undue prejudice to Plaintiffs produced by a brief discovery pause is far outweighed by the burden to the parties and the Court of embarking on premature discovery now, particularly given the likelihood that the Motion to Dismiss will narrow—or eliminate—the need for discovery altogether.

      **E.    In the Alternative, Discovery Should be Limited to Discrete Categories Pending Resolution of the Motion to Dismiss**

If the Court declines to stay discovery in full, then for the same reasons supporting a complete stay, discovery should be limited to discrete, easily retrievable categories of materials pending resolution of the Motion to Dismiss. CPS respectfully submits that such discovery should be confined to a set of non-burdensome, agreed-upon document categories (*e.g.*, named plaintiff information, template notice letters, policies, etc.). Limiting discovery in this way would provide Plaintiffs with the basic information they claim to need, while avoiding the disproportionate

burden, expense, and custodial collection efforts associated with the broad merits discovery Plaintiffs are otherwise likely to pursue. This targeted approach would preserve the parties' and the Court's resources, protect CPS from unnecessary burden, and ensure that discovery proceeds in a manner proportional to the needs of the case pending the Court's ruling on CPS's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, CPS respectfully requests that this Court exercise its discretion to stay discovery and enter an order staying discovery pending a ruling on CPS's Motion to Dismiss.

Respectfully submitted,

/s/ Joel E. Sechler
Joel E. Sechler (0076320)
Carpenter Lipps LLP
280 North High Street, Suite 1300
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
sechler@carpenterlipps.com

*Trial Attorney for Defendant*
*CPS Solutions, LLC*

Of Counsel

Katheryn M. Lloyd (0075610)
Amber L. Merl (0080655)
Carpenter Lipps LLP
280 North High Street, Suite 1300
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
lloyd@carpenterlips.com
merl@carpenterlipps.com

Jennifer S. Windom
(*admitted pro hac vice*)
Allison Holt Ryan

12

(*admitted pro hac vice*)
Hogan Lovells US LLP
555 13th Street NW
Washington, D.C. 20004
Telephone: (202) 637-6437
Facsimile: (202) 637-5910
jennifer.windom@hoganlovells.com
allison.holt-ryan@hoganlovells.com

*Attorneys for*
*Defendant CPS Solutions, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 5, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Ohio using the CM/ECF system. All participants in the case who are registered CM/EC users will be served by the CM/ECF system.

                */s/ Joel E. Sechler*
                Joel E. Sechler (0076320)