**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RONDA WASHBURN, DANIELLE WEBBER and JODI PIERCE *on behalf of themselves and all others similarly situated,* | Case No. 2:25-cv-00400-ALM-SCS |
| Plaintiffs, | District Judge Algenon L. Marbley |
| v. | Magistrate Judge S. Courter Shimeall |
| CPS SOLUTIONS, LLC, | |
| Defendant. | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT CPS SOLUTIONS, LLC'S MOTION TO STAY DISCOVERY**

Plaintiffs respond in opposition to Defendant CPS Solutions, LLC's ("Defendant") Motion to Stay Discovery ("Motion to Stay"), ECF No. 29.

**INTRODUCTION AND BACKGROUND**

Plaintiffs, and all the putative class members they seek to represent, are victims of a cyberattack of their personally identifiable information (PII) and protected health information (PHI) (collectively, "PI"), which they entrusted to Defendant's clients in order to receive pharmaceutical or other healthcare services. Plaintiffs meet the Sixth Circuit's Article III standing requirements for a data breach case, *see Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 390 (6th Cir. 2016), and adequately allege their common law claims, including their negligence claim, under Ohio law. *See In re Bon Secours Mercy Health Data Breach Litig.*, No. 1:24-cv-00594, 2025 WL 1827804, at *18-20 (S.D. Ohio July 2, 2025). They are entitled to proceed expeditiously toward redress of their injuries.

Defendant's Motion to Dismiss Plaintiffs' First Amended Clas Action Complaint ("Motion to Dismiss"), ECF No. 30, raises run-of-the-mill arguments that Plaintiffs lack Article

III standing and the causes of action alleged fail to state a claim. That "garden variety" motion to dismiss in a data breach case is not grounds to hold up discovery, which would be inefficient and benefit no one but Defendant to Plaintiffs' prejudice.

On February 2, 2026, Plaintiffs filed their First Amended Class Action Complaint ("FAC"), ECF No. 18, against Defendant alleging their Private Information was impacted in the cyberattack that took place on Defendant's systems from about December 2 to December 4, 2024 (the "Data Breach"). FAC ¶¶ 2-4. As Defendant admits, the Data Breach exposed Plaintiffs' and Class Members' PI including full name, date of birth, address, health insurance information (such as member/group ID number or Medicaid/Medicare number), medical information (such as medical record number, clinical information, provider information, diagnosis or treatment information, or prescription information such as medication name), and Social Security numbers. *Id.* ¶ 4. This is some of the most damaging information that can be stolen in a data breach, supporting Plaintiffs' claims.

Plaintiffs Webber and Pierce both allege that after the Data Breach, multiple dark web monitoring products sent them alerts informing them that their Private Information had been found on the dark web. *Id.* ¶¶ 132, 141. In addition, Plaintiffs Webber and Pierce allege they have experienced multiple instances of actual data misuse and identity theft following the Data Breach. *Id.* ¶ 132 (Plaintiff Webber experiencing unauthorized credit account inquiry and unauthorized or suspicious charges on her credit card after the Data Breach); ¶ 141 (Plaintiff Pierce experiencing fraudulent charge on bank account after the Data Breach). As a result, Plaintiffs allege they are "presently at risk and will continue to be at increased risk of identity theft and fraud for years to come." *Id.* ¶¶ 125, 135, 144. In addition, all Plaintiffs allege they have experienced stress, anxiety, and concern they will be the victim of identity theft as a result of the Data Breach, *and* that they

have spent time responding to the breach, for example in checking bills and accounts to make sure they are correct and changing passwords. *Id.* ¶¶ 122-23, 133-34, 142-43.

In the Amended Complaint, Plaintiffs allege five causes of action on behalf of themselves and a nationwide class: (1) negligence; (2) negligence *per se*; (3) breach of fiduciary; (4) breach of third-party beneficiary contract; and (5) unjust enrichment. *See id.* at 158-221. On February 26, 2026, the parties submitted a scheduling report under Federal Rule of Civil Procedure 26(f). ECF No. 23. On March 3, 2026, Magistrate Judge Deavers ordered Defendant to file the motion to stay discovery no later than March 13, 2026, and stayed discovery pending resolution of that motion. ECF No. 25. On March 5, 2026, Defendant filed the Motion to Stay. ECF No. 29. On March 9, 2026, Defendant filed the Motion to Dismiss. ECF No. 30.

The Motion to Dismiss is not grounds to stay discovery because it will likely not result in dismissal of the entire case or even significantly narrow the scope of discovery. Even if the Court grants the Motion to Dismiss in part, discovery regarding the Data Breach will be necessary.

## LEGAL STANDARD

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. Metabank*, No. 2:19-cv-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998)). However, a court "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)). The moving party bears the burden of showing a need for the stay and that "neither the other party nor the public will suffer harm from entry of the order." *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-cv-03284, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020).

"[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending." *T&R Props., Inc. v. Berlin Twp.*, No. 2:24-cv-3761, 2025 WL 3458560, at *1 (S.D. Ohio Dec. 2, 2025) (quoting *Ohio Valley Bank Co.*, 2019 WL 2170681, at *2 (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery")); *Dummen Na, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-cv-709, 2017 WL 4868201, at *2 (S.D. Ohio May 3, 2017) (stating the court is "not inclined to grant a stay based on one party's view of the strength of its Motion to Dismiss").

Unless "special circumstances" are present, *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009), such as (i) where a defendant raises a defense of immunity from suit "which would be substantially vitiated absent a stay," or (ii) "it is patent that the case lacks merit and will almost certainly be dismissed," a stay will not ordinarily be granted pending a motion to dismiss. *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-cv-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018) (denying motion to stay pending 'garden-variety" motion to dismiss"). Rather, even if a motion to dismiss raises issues of subject-matter jurisdiction, if those issues are "fairly debatable," that has been held insufficient for a stay. *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *2 (S.D. Ohio Mar. 4, 2008) (denying motion to stay discovery but noting it may grant stay of discovery if issues were "clear-cut" so that "likelihood of a jurisdictional dismissal were high"); *T&R Props.*, 2025 WL 3458560, at *2 (denying motion to stay discovery where jurisdictional argument was "fairly debatable").

Additionally, courts in this District also consider the prejudice to the parties that would result from a stay of discovery:

> On the other side of the equation, there is the prejudice Plaintiffs might face if discovery is stayed. "As reflected in the Federal Rules," Plaintiffs deserve their case

- 4 -

to be heard "in a timely and efficient manner." *Young v. Mesa Underwriters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020).

*T&R Props.*, 2025 WL 3458560, at *3 (denying motion to stay discovery pending motion to dismiss that raised dispositive jurisdictional issues). To that end, courts in this District "weigh[] the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id.* at *1 (quoting *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-219, 2010 WL 3719245 (S.D. Ohio Sept. 16, 2010)). In particular, "'Alleged costs associated with discovery, without details of a specific burden, are unlikely to justify a stay of discovery." *Greif Packaging, LLC v. Transcend Transit, LLC*, No. 2:25-cv-345, 2025 WL 2780896, at *3 (S.D. Ohio Sept. 30, 2025) (citing *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132, 2015 WL 2128156, at *1 (S.D. Ohio May 6, 2015)).

As set forth below, Defendant does not show Plaintiffs' case patently lacks merit and will almost certainly be dismissed, and a stay would prejudice Plaintiffs. Nor will Defendant be prejudiced in responding to Plaintiffs' initial discovery requests when served.

## ARGUMENT

**I.     Defendant Does Not Show the Case Patently Lacks Merit or the Motion to Dismiss Will Almost Certainly Succeed.**

Merely moving to dismiss an entire case under various Rule 12(b)(1) and 12(b)(6) grounds is not enough to stay the case, when the arguments advanced in the motion to dismiss are not almost certain to succeed. *Ray*, 2018 WL 4907080, at *2. To the contrary, here, Defendant's "garden variety" Article III standing arguments are unlikely to prevail, or at best raise issues that are "fairly debatable." *Ohio Bell Tel. Co.*, 2008 WL 641252, at *2; *T&R Props.*, 2025 WL 3458560, at *2. Moreover, the FAC states a claim as to each cause of action against Defendant, and at a bare minimum, the negligence claim is likely to survive the Motion to Dismiss. As such,

Defendant does not show Plaintiffs' case patently lacks merit or will almost certainly be dismissed. *Cf. State ex rel. Yost v. Jones*, No. 2:22-cv-2700, 2024 WL 5307135, at *3 (S.D. Ohio Dec. 17, 2024) (denying motion to stay where it is "not patent that the case lacks merit or that the Complaint is so frivolous that it will almost certainly be dismissed" (internal quotation marks omitted)).

*First*, contrary to Defendant's arguments, the injuries Plaintiffs allege are injuries in fact sufficient to confer Article III standing. Courts in the Sixth Circuit have consistently denied motions to dismiss in data breach cases where, as here, in addition to actual fraud and substantial risk of future harm, plaintiffs allege the additional concrete harms of lost time and mitigation costs. *Galaria*, 663 F. App'x at 388 ("Plaintiffs' allegations of a substantial risk of harm, coupled with reasonably incurred mitigation costs, are sufficient to establish a cognizable Article III injury at the pleading stage of the litigation."). Therefore, the Sixth Circuit is clear that Plaintiffs' injuries of a substantially increased risk of harm, FAC ¶¶ 125, 135, 144 (which has already manifested for Plaintiffs Webber and Pierce in the form of actual fraud and dark web alerts, *id.* ¶¶ 132, 141) and lost time spent on mitigation activities due to the Data Breach are sufficiently concrete to confer Article III standing. *Id.* ¶¶ 122, 133, 142.

Moreover, past data breach decisions in this District make clear Plaintiffs plead more than enough to plausibly allege their injuries are fairly traceable to Defendant's Data Breach. *See, e.g.*, *In re: Bon Secours*, 2025 WL 1827804, at *10-11 (finding unauthorized transactions and increased spam communications fairly traceable to data breach given plaintiffs alleged they were careful about sharing their sensitive information and given that names, birthdates, Social Security numbers and addresses were disclosed in the breach). Therefore, at the least, Plaintiffs' case does not patently lack merit on standing grounds.

*Second*, the FAC states a claim as to each cause of action, and at a minimum Plaintiffs' claim for negligence will likely survive the Motion to Dismiss. Numerous courts have held in similar circumstances that a defendant breached a duty of care and caused various injuries to the victims of the data breach. *See, e.g.*, *In re: Bon Secours*, 2025 WL 1827804, at *18-20. For similar reasons as discussed above with regard to Article III standing, Plaintiffs' alleged injuries are likely to withstand Defendant's arguments on cognizable injury and causation. *See id.* at *19-20. And it is at the very least "fairly debatable" whether the economic loss doctrine will apply to Plaintiffs' claims. *See id.* at *20 ("[B]ecause Plaintiffs rely at least in part on a duty that arises under common law (as opposed to a contract), the economic loss rule does not bar Plaintiffs' negligence claim.").

Nor does this case present any other special circumstances that might justify a stay. For example, in *Waldron v. Brown*, No. 2:22-cv-3556, 2023 WL 4182150 (S.D. Ohio June 26, 2023), which Defendant cites, Mot. at 5, the defendants moved to dismiss raising the *Colorado River* abstention doctrine; whether a party must be joined as a necessary, indispensable party; and whether plaintiff's causes of action were cognizable. *Id.* at *3. Moreover, to argue its Motion to Dismiss is not "garden variety," Defendant cites two cases brought by *pro se* plaintiffs with major pleading deficiencies. Mot. at 8. In *Harris v. Aramark Inc.*, No. 2:17-cv-872, 2020 WL 91834 (S.D. Ohio Jan. 8, 2020), the motion to dismiss argued plaintiff's claims were legally inactionable, failed to "plead a violation of any federal law," and "raise[d] a threshold jurisdictional question based on Plaintiff's failure to perfect service [] under Rule 4(m)." *Id.* at *13-14. Similarly, *Williams v. Nationstar Mortg. LLC*, No. 2:24-cv-4259, 2025 WL 1295769 (S.D. Ohio May 5, 2025) involved possible Rule 8 and 9 pleading deficiencies, and the court had concerns of "no recognized cause of action for 'Broken Chain of Title' or failure to comply with GAAP." *Id.* at *1-2. In contrast, Defendant's Motion to Dismiss is "garden variety" because it rehashes the usual standing

and 12(b)(6) arguments that have been litigated in data breach cases for years. *Ray*, 2018 WL 4907080, at *2.[1]

Therefore, Defendant falls far short of its burden to show any Motion to Dismiss arguments as to Plaintiffs' negligence claims will almost certainly succeed or that Plaintiffs' case patently lacks merit.

## II. A Stay of All Discovery Would Prejudice Plaintiffs.

Plaintiffs would be prejudiced if all discovery is delayed, which prejudice would outweigh any burden on Defendant from proceeding with discovery. For one thing, courts in this District have recognized there is inherent prejudice from a delay in litigation. *See Greif Packaging, LLC*, 2025 WL 2780896, at *6 (denying a stay where a "plaintiff has an interest in the speedy resolution of its case" and "Federal Rule of Civil Procedure 1 states that the rules should be 'employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding'"); *see also Hi-Vac Corp. v. Coley*, No. 2:23-cv-4148, 2025 WL 1936660, at *4 (S.D. Ohio July 15, 2025) (denying motion to stay where "Defendant has done nothing to demonstrate that a stay of discovery will be of no consequence to Plaintiffs").

Defendant attaches a request for production from another data breach case it contends would be burdensome. Mot. at 10 & Ex. A. But, "[g]eneral assertions of undue burden amount to no more than speculation." *Array of Soap, LLC v. Magnolia Soap & Bath Co. FRCH, LLC*, No.

---

[1] Furthermore, *Kirkbride v. The Kroger Co.*, No. 2:21-cv-22, 2021 WL 2650043, at *1 (S.D. Ohio June 28, 2021) is entirely inapposite because there the defendant's burden in responding to discovery was that it was "on the front lines of responding to the COVID-19 pandemic and administering approximately one million vaccines a week" but stated that "in approximately three months, it [would] have significantly more resources to devote to responding to Plaintiffs' requests." *Id.* at *3; *see also Kiser v. Kamdar*, No. 2:12-cv-574-ALM-EPD, 2016 U.S. Dist. LEXIS 176629, at *1 (S.D. Ohio Dec. 21, 2016), ECF No. 46 (involving motion to dismiss for mootness an action challenging constitutionality of a regulation that had been rescinded); *Meros v. Dimon*, No. 2:18-cv-510, 2018 WL 4560596, at *2 (involving motion to dismiss arguing immunity from suit).

2:25-cv-339, 2026 WL 617336, at *3 (S.D. Ohio Mar. 5, 2026). In any event, the scope of discovery necessary in this case arises out of the complexity of the issues, and Plaintiffs are permitted to seek discovery relevant to those issues. *Cf. Wendy's Netherlands B.V. v. Levy*, No. 2:24-cv-3077, 2026 WL 35205, at *3 (S.D. Ohio Jan. 6, 2026) (arguments that discovery requests "'quite broad in scope' and will likely result in 'a great number of responsive documents'" held insufficient to justify a stay).

As courts in this District have repeatedly noted, if parties were meant to be exempt from participating in discovery by virtue of any motion to dismiss, the Federal Rules of Civil Procedure or the Court's Local Rules would reflect such an intention. But no such rule exists because delays caused by such a rule would unjustly hold up litigation. "Although responding to discovery will entail some expenditure of time and resources, this is 'the same burden that nearly every defendant in this Court faces in civil litigation.'" *Greif Packaging, LLC*, 2025 WL 2780896, at *3 (quoting *Young*, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020)); *see also T&R Props.*, 2025 WL 3458560, at *2 ("To the extent Defendants are inconvenienced by reopening the depositions [from a related state court case], they face the same burden that nearly every defendant in this Court faces in civil litigation.").

Of course, once discovery begins, Defendant will have means other than a blanket stay of discovery to seek relief for specific requests, if any are drafted in an objectionable way. *Greif Packaging, LLC*, 2025 WL 2780896, at *3 ("To the extent that Defendants believe that particular requests are overbroad or unduly burdensome, the parties are directed to meet and confer as to those requests" and "if they reach an impasse request an informal discovery conference" about those particular requests). Defendant has not shown these protections are insufficient here, and that a blanket discovery stay is needed.

**CONCLUSION**

For the reasons set forth above, the Court should deny the Motion to Stay and allow discovery in this case to proceed.

DATED:  March 26, 2026

*/s/ Terence R. Coates*
W.B. Markovits (0018514)
Pierre H. Bergeron (0071402)
Terence R. Coates (0085579)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com

Jeff Ostrow (*pro hac vice*)
Steven Sukert (*pro hac vice*)
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 332-4200
ostrow@kolawyers.com
sukert@kolawyers.com

Leanna Loginov (*pro hac vice*)
**SHAMIS & GENTILE, P.A.**
14 NE First Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299
lloginov@shamisgentile.com

Josh Sanford
josh@sanfordlawfirm.com
**SANFORD LAW FIRM**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste 510
Little Rock, AR 72211
Phone: (888) 350-3931
Fax: (888) 276-3455

Leigh Montgomery (*pro hac vice* forthcoming)
lmontgomery@eksm.com
service@eksm.com
**EKSM, LLP**

- 10 -

4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Phone: (888) 350-3931

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, I served the foregoing by filing it with the Court's

electronic-filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Terence R. Coates*
Terence R. Coates (0085579)